**United States District Court**
**For the Northern District of California**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY P. ROWE,<br><br>    Plaintiff,<br><br>  v.<br><br>DR. Z. AHMED; et al.,<br><br>    Defendants.<br>_____ / | No. C 08-2317 SI (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Jeffrey P. Rowe, formerly incarcerated at the Correctional Treatment Facility, has filed a pro se civil rights action under 42 U.S.C. § 1983 that appears to concern allegedly inadequate processing of his inmate appeal and inadequate medical care at that facility.

His complaint is now before the court for review pursuant to 28 U.S.C. §1915A, which requires a federal court to engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The complaint fails to state a claim upon which relief may be granted. Leave to amend will be granted so that Rowe may attempt to cure the deficiencies in his complaint.

First, the complaint has no allegations against any of the defendants. In his amended complaint, Rowe must link each of the defendants to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Liability under § 1983 arises only upon a showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Second, the complaint concerns medical care, but Rowe has provided too little information for the court to determine whether a claim for relief under § 1983 is stated. Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 102-04 (1976). To claim that the response of prison officials to a prisoner's medical needs was constitutionally deficient, the prisoner must allege that (1) he had a serious medical need and (2) deliberate indifference to that need by prison officials. See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. See Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994). Rowe must allege in his amended complaint what his medical needs were and what the defendants did or did not do with regard to them that amounted to deliberate indifference.

Third, the complaint alleges that there was a denial of due process in the appeal process, but generally the failure to grant an inmate's appeal in the prison administrative appeal system does not amount to a due process violation. There is no federal constitutional right to a prison administrative appeal or grievance system for California inmates. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996). The denial of an inmate appeal is not so severe a change in condition as to implicate the Due Process Clause itself and the State of California has not created a protected interest in an administrative appeal system in its prison. California Code of Regulations, title 15 sections 1073 and 3084 grant

prisoners in the county jails and state prisons a purely procedural right: the right to have a prison appeal and set forth no substantive standards. A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); Antonelli, 81 F.3d at 1430 (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Rowe had no federal constitutional right to a properly functioning appeal system. An incorrect decision on an administrative appeal or failure to process the appeal in a particular way therefore did not amount to a violation of his right to due process. The claims concerning the handling of the administrative appeals are dismissed for failure to state a claim upon which relief.

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **October 31, 2008**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: September 29, 2008

_____
SUSAN ILLSTON
United States District Judge

3