UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY P. ROWE, | No. C 08-2317 SI (pr) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| DR. Z. AHMED; et al., | |
| Defendants. | |

## INTRODUCTION

Jeffrey P. Rowe, currently an inmate at the California Men's Colony in San Luis Obispo, filed a pro se civil rights action under 42 U.S.C. § 1983, complaining about medical care he received while incarcerated at CTF-Soledad. Upon initial review under 28 U.S.C. § 1915A, the court dismissed the complaint with leave to amend. Rowe then filed a "second amended complaint" that is now before the court for review.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 102-04 (1976). To prove that the response of prison officials to a prisoner's medical needs was constitutionally deficient, the prisoner must establish (1) a serious medical need and (2) deliberate indifference to that need by prison officials. See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). The subjective prong standard is the same for the medical needs claim as for the safety claim: a prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. See Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994).

In his second amended complaint,[1] Rowe alleges the following about the response of medical staff at the Correctional Training Facility in Soledad to his back problems: Before his current incarceration, Rowe had back surgery in 2000, including a "cage and fusion" of part of his spine that entailed placement of about six surgical screws and other hardware in his spinal column. He stepped into a pothole at CTF-Soledad in February 2007 and hurt his back. He saw medical staff on February 25, 2007, who did not take his complaints of pain seriously enough and put him on naproxen. He saw Dr. Ahmed for his back pain on August 8, 2007, and told Dr. Ahmed that he thought the hardware in his back had moved when he stepped into the pothole. Over the next several months Dr. Ahmed provided care that Rowe contends was inadequate in the ways particularized in the second amended complaint, including: initially failing to order x-rays or other examinations, telling Rowe to take psych medications for his back complaints, failing to determine the cause of Rowe's severe back pain, causing him not to receive some of

---

[1] There was no first amended complaint filed.

2

the medication ordered by other doctors, and failing to renew pain medications. Eventually, Rowe had corrective surgeries by an outside neurosurgeon in May 2008.

Liberally construed, the second amended complaint states a claim for relief against Dr. Ahmed for a violation of Rowe's Eighth Amendment rights in his handling of Rowe's back problems. All other defendants are dismissed.

Rowe sued Dr. Ahmed in his individual and official capacities, but he may only obtain damages from him in his individual capacity. The claims for damages against him in his official capacity are barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 169-70 (1985) (Eleventh Amendment bar on damages in federal court action against state remains in effect when state officials are sued for damages in their official capacity). The Eleventh Amendment does not bar suits that seek to impose individual liability upon a government official for actions taken under color of state law. Hafer v. Melo, 502 U.S. 25, 31 (1991).

**CONCLUSION**

For the foregoing reasons,

1. The second amended complaint states a claim for relief under 42 U.S.C. § 1983 against defendant Ahmed for an Eighth Amendment violation. The other defendants are dismissed without prejudice, and the damages claim against Dr. Ahmed in his official capacity is dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, and a copy of all the documents in the case file upon defendant Dr. Z. Ahmed, who allegedly is employed in the medical department at CTF- Soledad.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **January 30, 2009**, defendant must file and serve a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, he must so inform the court prior to the date the motion is due.

3

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **March 6, 2009**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

c. If defendant wishes to file a reply brief, the reply brief must be filed and served no later than **March 27, 2009**.

4. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute

4

pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: November 12, 2008

_____
SUSAN ILLSTON
United States District Judge