UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY P. ROWE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. Z. AHMED,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　／ | No. C 08-2317 SI (pr)<br><br>**ORDER DENYING MOTION FOR INTRA-DISTRICT TRANSFER AND EXTENDING DEADLINES** |

A.　Motion For Intra-District Transfer

Defendant has moved for an intra-district transfer pursuant to Northern District Civil Local Rule 3-2(f). He wants this action transferred to the San Jose division because a substantial part of the events or omissions which gave rise to the claim occurred in Monterey County and the parties and witnesses reside in that count or in San Luis Obispo County.

Local Rule 3-2(c) provides: "except for . . . Prisoner Petitions or Prisoner Civil Rights Actions, upon initial filing, all civil actions and proceedings for which this district is the proper venue shall be assigned by the Clerk to a Courthouse serving the county in which the action arises." Local Rule 3-2(f) allows for the transfer of an action to the correct division when the court finds "that a civil action has not been assigned to the proper division within this district in accordance with this rule, or that the convenience of parties and witnesses and the interests of justice will be served by transferring the action to a different division within the district,. . . subject to the provisions of the Court's Assignment Plan." The assignment plan is set out in

Northern District General Order 44. General Order 44(D)(7) provides for the assignment of "any non-capital civil action filed by a prisoner to the same Judge who was assigned any previous actions filed on behalf of that prisoner." Prisoner cases are assigned district-wide and are exempted from the rule for assignment to a division serving the county in which the action arises.

As a prisoner case, this case is exempt from the assignment to the division serving the county in which the action arose. The court also sees little convenience in reassigning this case to the San Jose division. Because plaintiff is incarcerated, there will be few hearings in this case requiring any party to be physically present in the courthouse and the trial (if there is one) likely will be the only proceeding requiring any party to be physically present in the courthouse. Additionally, moving defendant's attorney has his office across the street from the San Francisco courthouse and more than 40 miles away from the San Jose courthouse. For these reasons, the motion for an intra-district transfer is DENIED. (Docket # 12.)

B.      Request For Extension of Deadline For Dispositive Motions

Defendant filed an ex parte request for a thirty-day extension of time to file a dispositive motion. Upon due consideration of the request and the accompanying declaration of attorney Troy Overton, the court GRANTS the request. (Docket # 10.) The court now sets the following new briefing schedule for dispositive motions:

1. Defendant must file and serve his dispositive motion no later than **March 20, 2009**.

2. Plaintiff must file and serve on defense counsel his opposition to the dispositive motion no later than **April 30, 2009**.

3. Defendant must file and serve his reply brief (if any) no later than **May 15, 2009**.

IT IS SO ORDERED.

Dated: February 9, 2009

_____
SUSAN ILLSTON
United States District Judge

2